UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC I. SHULMAN,

    Plaintiff,

v.

                                      Case No. 11-CV-10983-DT

BARBARA CZERSKA,              HONORABLE DENISE PAGE HOOD

    Defendant.

_____/

**ORDER GRANTING MOTION TO DISMISS**
**and**
**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

**I.    BACKGROUND**

The instant action was removed by Defendant Barbara Czerska, M.D. ("Czerska") from the Oakland County Circuit Court, State of Michigan, on March 11, 2011. Plaintiff Marc I. Shulman ("Shulman") alleges a one-count libel claim against Czerska. Shulman asserts that Czerska stole Shulman's Blackberry. Czerska then used the information from Shulman's Blackberry to email certain false and libelous written statements about Shulman to certain business associates which resulted in the termination of various contracts and agreements, specifically contracts with the University of Miami and Stem Cell Growth, Inc. No Answer has been filed to the Complaint.

The case was initially assigned to Chief Judge Gerald E. Rosen. Chief Judge Rosen entered an Order denying Shulman's Objection to the Notice of Removal, finding that the district court had subject matter jurisdiction over the case. Chief Judge Rosen ordered additional briefing regarding Czerska's Motion to Dismiss for Lack of Personal Jurisdiction. Shulman also filed a Motion to Amend the Complaint which remains pending. Shulman's counsel filed an initial Motion to

Withdraw as Counsel on November 8, 2011. A hearing was held on the Motion to Withdraw before Chief Judge Rosen on December 1, 2011. At the hearing, Chief Judge Rosen disclosed his relationship with Shulman and others related to the case. Chief Judge Rosen indicated that he would revisit the issue of Shulman's counsel's Motion to Withdraw after Czerska's counsel had an opportunity to discuss with her client the issue of recusal and allowed Shulman to seek new counsel within 30 days, at which time, the Motion to Withdraw counsel would be granted. Czerska filed a Motion to Recuse Chief Judge Rosen on December 6, 2011. An Order of Disqualification and Reassigning Case was entered on December 22, 2011.

On January 20, 2012, Shulman's counsel filed a second Motion to Withdraw as counsel, along with a Motion to Dismiss the case without prejudice on February 7, 2012. Czerska responded to the Motion to Dismiss indicating the dismissal should be with prejudice and that fees and costs should be awarded. A reply was filed by Shulman to the response and a hearing held on the matter.

## II.     MOTIONS TO WITHDRAW AS COUNSEL

Shulman's counsel, the law firm of Collins, Einhorn, Farrell & Ulanoff, P.C., seeks to withdraw from representing Shulman. Shulman's counsel indicates that the primary attorney representing Shulman, Dale McLellan, was injured in an automobile accident and has not yet returned to active practice. Counsel further indicates that there has now been a breakdown of the attorney-client relationship between Shulman the firm. At the hearing, counsel and Shulman agreed there has been a breakdown of the attorney-client relationship.

The Local Rules, E.D. Mich. LR 83.30(a), allows withdrawal of appearances by leave of Court on motion of counsel. Based on Shulman and counsel's representation, there appears to be a breakdown of the attorney-client relationship. The Motions to Withdraw as counsel are granted.

### III.     PLAINTIFF'S MOTION TO DISMISS THE ACTION VOLUNTARILY

Through counsel, Shulman filed the instant Motion to Dismiss without prejudice under Rule 41(a)(2) of the Rules of Civil Procedure.  Shulman indicates that his counsel has been unable to represent him and he does not wish to proceed without representation.  Chief Judge Rosen allowed Shulman to obtain new counsel at the last hearing before him on December 1, 2011, but Shulman has yet to retain new counsel.  Shulman advised his current counsel that he wishes to discontinue the action without prejudice and without cost to any party.

Czerska agrees to the dismissal but "with prejudice" and with an award to Czerska of fees and costs.  Czerska asserts that she has spent more than $22,000 to fight this lawsuit in Michigan.  Czerska claims she took one year out of her busy life as the medical director of the Florida Hospital heart transplant department to fight this suit.  Czerska requests for sanctions to stop the harassment by Shulman since she claims the suit was filed in bad faith and was without colorable basis, citing *First Bank of Marietta v. Hartford Underwriters, Ins. Co.,* 307 F.3d 501 (6th Cir. 2002).  Czerska addresses the factual issues in the response.

In reply, proceeding *pro se*, Shulman argues that his claims are with merit and also addresses his version of the facts to rebut Czerska's factual assertions sets forth in her response.

Rule 41(a)(2) provides that a dismissal may be requested by a plaintiff on such terms and conditions as the court deems proper.  Fed. R. Civ. P. 41(a)(2).  A dismissal "without prejudice" does not preclude a plaintiff from initiating the same action again.  *Massey v. City of Ferndale,* 117 F.3d 1420  (6th Cir. 1997).  Attorney fees and costs may be granted in dismissals "without prejudice" at the sound discretion of the district court.  *DWG Corp. v. Granada Invs. Inc.,* 962 F.3d 1201, 1202 (6th Cir. 1992).  A dismissal "with prejudice" operates as a rejection of the plaintiff's

claims on the merits. *Michigan Surgery Inv., LLC v. Arman,* 627 F.3d 572, 577 (6th Cir. 2010). The Court must give the plaintiff an opportunity to withdraw the request for dismissal without prejudice. *Id.*

It is noted that since Czerska has not filed an Answer or a Motion for Summary Judgment, Shulman could have filed a Notice of Voluntary Dismissal under rule 41(a)(1)(A) without a court order. Fed. R. Civ. P. 41(a)(1)(A). Since an order has been requested by Shulman, in its discretion, the Court grants Shulman's Motion to Dismiss the case voluntarily and without prejudice. The Court will award the cost of the removal to Czerska, but denies the request for attorney fees. The basis of Czerka's request for attorney fees is to serve as a sanction against Shulman for filing the lawsuit. Here, there has been no finding that the lawsuit is frivolous or without merit. The request for sanctions is under Rule 11 based on the case cited by Czerska, *First Bank of Marietta. See,* 307 F.3d at 504. Czerska has not followed the requirements under Rule 11 which states that a motion for sanctions must be made separately from any other motion and must be served, without filing, 21 days prior to filing the motion. Fed. R. Civ. P. 11(c)(2). Czerska's request for sanctions is denied.

**IV.   CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Motions to Withdraw as counsel filed by Plaintiff's counsel **(Doc. Nos. 13 and 24)** are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Dismissal Without Prejudice under Fed. R. Civ. P. 41(a)(2) **(Doc. No. 27)** is GRANTED. The costs to file the Notice of Removal is awarded to Defendant.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss for Lack of Personal

Jurisdiction, for Improper Venue, for Failure to State a Claim Upon Which Relief May be Granted, for More Definite Statement and Motion to Strike **(Doc. No. 2)** are DENIED without prejudice as MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend the Complaint **(Doc. No. 8)** is DENIED without prejudice as MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: February 29, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 29, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

5